IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEARN.COM, INC., )
a Delaware corporation, )
)
    Plaintiff, ) CIVIL ACTION NO.
)
v. )
)
IP LEARN, LLC, a California limited )
liability company, and PETER P. TONG, )
individually, )
)
    Defendants. )
_____)

## VERIFIED COMPLAINT FOR INJUNCTIVE, MONETARY AND OTHER RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, LEARN.COM, INC. ("Learn.com" or "Plaintiff"), files this Complaint for Damages and Injunctive Relief against Defendants, IP LEARN, LLC ("IpLearn") and PETER P. TONG ("Mr. Tong"; together with IpLearn, the "Defendants"), and states:

### GENERAL ALLEGATIONS

#### Nature of the Action

1. Plaintiff, Learn.com is a well-known, international provider of on-demand workforce development and productivity software and training solutions, offered under the federally registered trademarks "LEARN.COM" and "LEARN2.COM." This is an action for damages and injunctive relief by Plaintiff against Defendants, based upon the unlawful marketing and sale of infringing web and computer-based learning technologies by Defendants. As set forth herein, Defendants' misconduct constitutes trademark infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051

{WP660547;1}

et seq., and trademark infringement and unfair competition under Florida common law. Plaintiff respectfully requests an award of damages and injunctive relief to remedy the harm Defendants have caused and to prevent such harm from continuing in the future.

## The Parties, Jurisdiction and Venue

2. Plaintiff, Learn.com, Inc., is a Delaware corporation with its corporate offices located at 14001 NW 4th Street, Sunrise, Florida 33325.

3. Defendant, IP Learn, LLC, is a California limited liability company located at 1807 Limetree Lane, Mountain View, California 94040.

4. Defendant, Peter P. Tong, an individual with an address of 1807 Limetree Lane, Mountain View, California 94040.

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over certain claims brought in this action pursuant to 28 U.S.C. §§ 1367.

6. The Court has personal jurisdiction over Defendants because they regularly conduct business in the State of Florida and in this district, including selling goods and/or services that infringe one or more of the Plaintiff's trademarks in this forum, regularly doing and soliciting business in this forum, and/or deriving substantial revenue from products and services provided to individuals in Florida and in this judicial district. Each defendant has established minimum contacts with this forum such that the exercise of jurisdiction over these Defendants would not offend traditional notions of fair play and substantial justice.

7. Each of the Defendants have committed acts within this judicial district giving rise to this action, including using, offering for sale, selling, or providing infringing goods,

services, and support to customers in this district, and actively soliciting and doing business in this judicial district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Statement of Facts

8. Plaintiff is a well-known, international provider of on-demand workforce development and productivity software solutions and training, with more than 500 million end-users around the globe. Substantially all of its several hundred corporate, institutional, educational and governmental clients are situated in many different states throughout the United States.

9. Plaintiff operates a website in connection with the internet domain www.learn.com. Prospective clients, including educational institutions, visit Plaintiff's website to view the plethora of goods and services Plaintiff provides to its clients to assist them with their on-demand development and productivity needs. Plaintiff and its predecessor in interest have operated the www.learn.com website continuously and without interruption in interstate commerce since at least June 10, 1994.

10. Plaintiff is the owner of, among others, U.S. Registration No. 2,699,107 for the mark "LEARN.COM," for use in connection with "retail and computerized online ordering services featuring multi-media products comprising Instant Learning courseware for businesses, educational institutions and individuals, and computer software in the form of CD ROMS, and downloadable software" in International Class ("IC") 035 and "educational services, namely, conducting on-line courses of instruction in the field of learning solutions,

3

{WP660547;1}

off-the-shelf and custom, for businesses, educational institutions and individuals" in IC 041. A copy of the U.S. Registration No. 2,699,107 is attached hereto as Exhibit A.

11. Plaintiff is the owner of, among others, U.S. Registration No. 2,735,735 for the mark "LEARN2.COM," for use in connection with "providing educational courses and information about a broad range of subjects via a global information network, namely, entertainment, health and fitness, sports, recreation, arts, crafts, automotive, business, finances, family, pets, travel, cuisine, home and garden, style and social graces, writing and speech, survival, and technology, namely, computers, computer programs and consumer electronics" in IC 041. A copy of the U.S. Registration No. 2,735,735 is attached hereto as Exhibit B.

12. Plaintiff's two registrations noted above are valid, subsisting and incontestable, and constitute conclusive evidence of Plaintiff's ownership of the "LEARN.COM" and "LEARN2.COM" names and marks (collectively "Plaintiff's Marks"), and Plaintiff's exclusive right to use the same in connection with the goods and services set forth in said registrations.

13. Plaintiff has spent, and continues to spend, hundreds of thousands of dollars annually to promote and advertise its products and services identified and distinguished by Plaintiff's Marks, and Plaintiff has achieved substantial sales of its products and services bearing the Plaintiff's Marks.

14. By reason of Plaintiff's substantial promotion and advertising, and the high quality of products bearing the Plaintiff's Marks, Plaintiff's Marks have become widely and favorably known as identifying goods or services originating from, sponsored by or affiliated

with Plaintiff, and the public has come to associate the Plaintiff's Marks with Plaintiff as a source of high-quality products and services.

15. Plaintiff has attained and now enjoys a valuable goodwill and an enviable reputation in the marketplace with respect to its marks and its products.

16. Upon information and belief, in an apparent effort to capitalize on the goodwill and reputation of Plaintiff, Defendant, Mr. Tong registered the domain name "IPLEARN.COM" and actively caused the Defendant, IpLearn, to use the domain name to promote, market and sell directly competitive web and computer-based learning technologies under the marks "IPLEARN" and "IPLEARN.COM" (the "Infringing Marks").

17. Upon information and belief, Defendants had notice of Plaintiff and Plaintiff's business, Plaintiff's use and federal registration of its LEARN.COM and LEARN2.COM names and marks, and the rights claimed by Plaintiff in said name and marks prior to the Defendants use of the Infringing Marks.

18. Defendants' Infringing Marks consist of only a slight variation of Plaintiff's Marks. The addition of the prefix "IP" does not differentiate Defendants' Infringing Marks from Plaintiff's Marks. The same meaning, and overall commercial impression, is conveyed by the marks.

19. Plaintiff's Marks are used in connection with, among other things, the sale of "multi-media products comprising Instant Learning courseware for businesses . . . and individuals . . . and computer software" and educational services including "conducting on-line courses of instruction in the field of learning solutions, off-the-shelf and custom, for businesses . . . and individuals." See U.S. Registration No. 2,699,107.

20. Similar to Plaintiff's Marks, Defendant, IpLearn, according to its website located at www.iplearn.com, provides web and computer-based "learning technologies that help companies and individuals raise their overall 'learning productivity' through precision-guided learning systems."

21. The services provided by Defendants under the Infringing Marks are identical to or within the normal zone of expansion of those services provided by Plaintiff under Plaintiff's Marks.

22. The actions of Defendants are of a nature likely to deceive and cause confusion regarding the true source, origin, nature, characteristics and qualities of the products and services advertised, promoted, marketed and sold by Defendants.

23. The actions of Defendants were and are likely to cause confusion, mistake, and/or to deceive others regarding the affiliation, connection, sponsorship or association of Defendants' products and services, with Plaintiff's products and services and with Plaintiff's business and commercial activities.

24. Defendants have used the channels of interstate commerce in connection with their false, misleading, and deceptive labeling, marketing and sale of Defendants' products and the acts of Defendants have affected the sale and distribution of Plaintiff's products in interstate commerce, within the State of Florida and within this Judicial District.

25. Plaintiff has retained the undersigned law firm to represent it in this action and is obligated to pay the firm its reasonable attorneys' and paralegals' fees, expenses, and costs incurred in this action.

{WP660547;1}

## COUNT I
### (Violations of 15 U.S.C. § 1114(1) – Trademark Infringement)

26. Plaintiff hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 25, above, as if fully set forth herein.

27. Defendants' deliberate and willful use in interstate commerce of the Infringing Marks and the website located at www.iplearn.com in the advertising, marketing, promotion and sale of its products is not approved or licensed by Plaintiff and constitutes infringement of Plaintiff's Marks, which are federally registered, in violation of 15 U.S.C. § 1114(1).

28. Plaintiff has not authorized or given consent to Defendants to market and sell products or services under the Infringing Marks.

29. Defendants' acts complained of herein have caused and will continue to cause confusion, mistake, or deception for consumers in violation of 15 U.S.C. § 1114(1).

30. Defendants' wrongful conduct has damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless Defendants' use is restrained and enjoined by this Court, Defendants will continue its infringement of the Plaintiff's Marks and the resulting damage to Plaintiff will be substantial, continuing, and irreparable.

31. Defendants' unauthorized use of the Infringing Marks as described herein is intentional, thereby warranting the Plaintiff's recovery of Defendants' profits, any damages sustained by Plaintiff and the costs of the action, pursuant to 15 U.S.C. § 1117(a).

32. Defendants' actions amount to "exceptional" conduct warranting imposition of an award of Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II
### (Violations of 15 U.S.C. § 1125(a) – Unfair Competition)

33. Plaintiff hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 25, above, as if fully set forth herein.

34. The Plaintiff's Marks have become uniquely associated with Plaintiff and thus identify Plaintiff as a single source of high quality of goods and services. Defendants' use of the Infringing Marks in interstate commerce without Plaintiff's consent or approval constitutes false designation of origin, which is likely to cause confusion, mistake or deception as to Defendants' affiliation, connection, or association with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' products by Plaintiff, all in violation of 15 U.S.C. § 1125(a).

35. Plaintiff has not authorized or given consent to Defendants to market and sell products or services under the Infringing Marks.

36. The acts of Defendants complained of herein also constitute an intentional attempt to trade on the goodwill which Plaintiff has developed, and to palm off Defendants' products and services as those of Plaintiff, all to the detriment of Plaintiff.

37. Defendants' wrongful conduct has damaged Plaintiff and Plaintiff has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendants will continue these acts of unfair competition, and the resulting damage to Plaintiff will be substantial, continuing, and irreparable.

38. Defendants' unauthorized use of the Infringing Marks as described herein is intentional, thereby warranting the Plaintiff's recovery of Defendants' profits, any damages sustained by Plaintiff and the costs of the action, pursuant to 15 U.S.C. § 1117(a).

39. Defendants' actions amount to "exceptional" conduct warranting imposition of an award of Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT III
### (Florida Common Law Trademark Infringement)

40. Plaintiff hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 25, above, as if fully set forth herein.

41. Plaintiff owns a Florida common law trademark with respect to the terms "LEARN.COM" and "LEARN2.COM," and has used the same in commerce prior to Defendants' sale of its products under the Infringing Marks.

42. Defendants have been selling products and services under the Infringing Marks to customers in the same geographic areas where Plaintiff sells its products or services legitimately bearing Plaintiff's Marks.

43. The products and services sold under the Infringing Marks by Defendants are confusingly similar to those sold by Plaintiff under Plaintiff's Marks, and are likely to cause confusion, to cause mistake, or to deceive in violation of Florida common law.

44. Plaintiff has not authorized or given consent to Defendants to market and sell products or services under the Infringing Marks.

45. Defendants' wrongful conduct has damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless such use is restrained and enjoined by this Court, Defendants will continue infringement of the Plaintiff's Marks, and the resulting damage to Plaintiff will be substantial, continuing, and irreparable.

46. As a result of Defendants' reckless disregard and/or malicious and intentional infringement of Plaintiff's Marks, Defendants have damaged Plaintiff and Plaintiff is thus

{WP660547;1}

entitled to injunctive relief, actual damages (general and special) and punitive damages against Defendants.

## COUNT IV
### (Florida Common Law Unfair Competition)

47. Plaintiff hereby reasserts and reincorporates by reference the allegations set forth in paragraphs 1 – 25, above, as if fully set forth herein.

48. The acts of Defendants complained of herein constitute unfair methods of competition and unfair or deceptive trade practices in violation of the common law of Florida.

49. Plaintiff has not authorized or given consent to Defendants to market and sell products under the Infringing Marks.

50. Defendants' wrongful conduct has damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless such use is restrained and enjoined by this Court, Defendants will continue infringement of the Plaintiff's Marks, and the resulting damage to Plaintiff will be substantial, continuing, and irreparable.

51. As a result of Defendants' reckless disregard and/or malicious and intentional unfair competition, Defendants have damaged Plaintiff and Plaintiff is thus entitled to injunctive relief, actual damages (general and special) and punitive damages against Defendants.

{WP660547;1}

## COMBINED PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief for the violations set forth in Counts I-IV, above:

A. An order stating that Defendants' activities are unlawful under Federal and Florida law;

B. An award of actual damages (general and special) to compensate Plaintiff for its loss of customers, damage to is business reputation and lost sales and profits caused by Defendants' unlawful conduct;

C. An award equal to Defendants' profits attributable to its unlawful conduct;

D. An award of punitive damages in an amount appropriate to punish Defendants for their willful misrepresentations and/or reckless disregard of Plaintiff's rights, and to deter Defendants and others from engaging in such misconduct in the future;

E. Injunctive relief:

1. Ordering Defendants immediately to cease and desist, and permanently enjoining, restraining and forbidding Defendants, and all of Defendants' principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendants, from:

    (a) imitating, copying, duplicating or otherwise making any use of the Infringing Marks or any mark confusingly similar to Plaintiff's Mark in any manner, including, but not limited to, in connection with the marketing, promotion, advertising, distribution and sale of web and computer-based learning technologies;

    (b) using the designation "IPLEARN," "IPLEARN.COM" or any other colorable imitations of Plaintiff's Marks, as a trademark, service mark, trade name, fictitious name or domain name, or in such fashion as is likely falsely to relate or connect Defendants with Plaintiff, or to cause confusion, mistake or deception, and affirmatively ordering the destruction of any materials incorporating the Infringing Marks, or confusingly similar variations thereof in Defendants' possession;

   (c) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by Plaintiff;

   (d) causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of Plaintiff's Marks by unauthorized use of the Infringing Marks or any other colorable imitation of Plaintiff's Marks;

   (e) engaging in any other activity constituting unfair competition or infringement of Plaintiff's Marks or Plaintiff's rights therein, or to use, or to exploit the Infringing Marks or any other colorable imitation of Plaintiff's Marks;

   (f) using the Infringing Marks or confusingly similar variations of Plaintiff's Marks as a keyword, search word, meta-tag, as any part of a uniform resource locator, as any part of an email address or as any part of the description of a web site in any submission for registration of any Internet site with a search engine or index;

   (g) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (a)-(f) above;

F. An order requiring the Defendants to immediately file a corporate change of name request with California's Secretary of State to obtain a name that does not include, and is not confusingly similar to, Plaintiff's Marks;

G. An order requiring the Defendants to account for all products and materials bearing the Infringing Marks or any other mark confusingly similar to Plaintiff's Mark, whether in its possession or purchased for resale by third parties, and to surrender all such products and materials to the Court for destruction;

H. An award of attorneys' and paralegals' fees and costs pursuant to 15 U.S.C. § 1117 or otherwise; and

I. Such other relief that the Court deems just and proper.

{WP660547;1}

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial on all claims and issues so triable.

Dated this 2d day of April, 2010.

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Plaintiff
222 Lakeview Avenue, Suite 400
Esperante Building
West Palm Beach, Florida 33401-6147
Tel: (561) 653-5000
Fax: (561) 659-6313

By: _____
Richard Horn, Esq.
Florida Bar No. 91988
richard.horn@akerman.com

## VERIFICATION

*[signature]*

David M. Gilmore, General Counsel of
Learn.com, Inc.

State of Florida         :
                        :ss
County of Broward       :

BEFORE ME, the undersigned authority, this day personally appeared David M. Gilmore, General Counsel of Learn.com, Inc., who, after being first duly sworn, deposes and says that he has read the foregoing Verified Complaint, that he has knowledge of the facts and matters therein set forth and alleged, and that each and all of the facts and matters are true and correct.

SWORN TO AND SUBSCRIBED before me this 2nd day of April, 2010, by David M. Gilmore who is personally known to me.

*[signature]*
NOTARY PUBLIC, STATE OF FLORIDA
Debra Byrne-Mathews
(Print, Type or Stamp Commissioned Name of Notary Public



14

{WP660547;1}